2011, 3081 N.W. H.C. May it please the Court, we are here on an appeal from a petition for enforcement that we filed with the Ameri-System Protection Board regarding the 1980 settlement agreement which was entered into in 1984 when Ms. Pueschel was reinstated to the Department of Transportation following her removal during the Patco strike which was subsequently reversed by the Board. That's a petition for enforcement going back almost 30 years. Well you made me feel old, Your Honor, but I guess that's true. We all go together. But it's also a petition for enforcement not to enforce the agreement as written but to sort of reclassify or rewrite what's in the agreement. Isn't that not pure assessment? That's how the Board characterized it, Judge Prost. I believe that what we were asking for was that the agreement be interpreted and therefore enforced in light of subsequent events possibly but not that the agreement be re-characterized. What we were asking for essentially was, and we had come, as the Court knows, we had come to the claims court, we had come to this court, this court made it clear that any relief we were seeking along this line had to be from the Board. And so after trying other remedies we ultimately went to the Board and we asked that the Board, in light of the 1992 decision of OWCP granting Ms. Pueschel's claim for compensation benefits retroactive to January 1st, 1980, that the time that she had been separated, we were asked for two things, that the time that she had been separated be classified as compensable leave rather than a period of back pay and we asked that… The 81-84 period. After she had been reinstated that they declared that those she could repurchase as leave buyback which is a benefit administered by the Department of Labor. After rejecting the petition twice the Board finally remanded it and the administrative judge dismissed the petition on the merits. Let's not just go back to the past procedure which we understand that the settlement agreement doesn't give you what you're asking for. I'm sorry? The settlement agreement doesn't give you what you're asking for. We think the settlement agreement can be read to provide for what we're asking for. Can be read? Yes. There's a waiver in the settlement agreement too, isn't there? No, Your Honor. Benefits? No, there is no waiver. The waiver is a waiver not to sue. We actually sued back in 2001 when we went to the claims court. The government did not invoke that language as constituting a waiver of our ability to go to the claims court. I would suggest the department did not invoke that paragraph 6 as a waiver when we were before the Board. A waiver is an affirmative defense. Didn't she release the DOT from any action relating to removal and not limited to claim for back pay, etc.? More than just a covenant not to sue, it's a waiver with respect to back pay. Back pay in excess of what was granted by the agreement. And we're arguing here, and I suggest also there's no finding on what I'm about to say. There's no finding to the contrary by the Merit Systems Protection Board. The agreement provides that Ms. Bushell cannot obtain back pay or leave in excess of what was granted by the agreement. There's no finding that what we're asking for is... Where did the agreement grant anything relating to OWCP? The agreement does not grant anything related to OWCP. The agreement grants Ms. Bushell back pay. Back pay is, as the court knows, a term of art provided for by the Back Pay Act, which allows somebody in Ms. Bushell's position who has been reinstated to her service, with the back pay, pay differentials and benefits to which she otherwise would have been entitled. Counsel, I'm sure I'm missing something here, so correct me. She got the back pay. She got the back pay. Did she give it back at any time through these years and say, no, no, no, this isn't how the agreement should have been construed, it's not back pay that we agreed to, it's the OWCP benefits? She hasn't written a check for $125,000 or whatever they gave her at that time. Instead, she has been asking since that time, she has been asking the FAA to recalculate this amount of money she got as compensable time, OWCP compensable time, which Judge Schall will result in all likelihood in a balance that she will owe to the agency, because compensable time is paid at three quarters or two thirds depending on your tax status. But it's paid as a fraction of back pay. She's not asking in excess of back pay. What she wants is she wants that time reclassified, that back pay reclassified as compensable time. That I understand. That's where we started in this case, whereas she wants to reclassify something that was called back pay in the agreement which she signed, and now she wants to change back pay and reclassify it to OCWP. I think the government would agree to that too. That's what she's seeking to do, to rewrite the enforcement. To me it's not a question of enforcing the agreement as written. It's to enforce a variation of the agreement with reclassifying the commitment to pay back pay as something other than back pay. Am I misstating it at all? I think so, but I can't think quickly enough as to how. I think the difficulty is that back pay comprises paid differentials and benefits. OPM has defined paid differentials and benefits for purposes of the Back Pay Act as all monetary benefits to which an employee is entitled by statute or regulation. That's 5 CFR 550.803. It goes on and says which are payable by the employing agency to an employee during periods of federal employment. But the OWCP is payable by DOL, not the agency. I know you have the argument in your brief that the agency makes contributions. It's not contributions. The appropriation by Congress is to the agency for that purpose. The agency then makes a fund available to DOL which handles administratively the payment. But the payment, I mean the money from the taxpayer which goes to a recipient of OWCP benefits comes from the employing agency. It doesn't come from the Department of Labor. The Department of Labor does not have a budget and is not given by Congress any funds to pay this money. The funds are appropriated to the Department of Transportation in this case. But DOL has to approve it, the office. Yes, DOL approves it, yes. But the final argument in my reply brief is that the board argued and I think Judge Vogel argued that there has been no order by OWCP saying that Ms. Bushell is entitled to what we're seeking here. And the reason for that is because the Department of Transportation has not provided to the Department of Labor the information that the Department of Labor has requested. The department can't demand it from the FAA. They've requested it on page 76 of the joint appendix. So she hasn't gotten the money yet? She hasn't gotten the leave buyback approved and the changing of that time from back pay to compensable time has not been granted either. Let me ask you a question. Assume you didn't have a case where you had a settlement agreement. Assume you just had an employee who was working at the agency and in 2010 they get an order or they get a determination by the Department of Labor that they qualify for OWCP because they were disabled during the period of 2005 to 2010. Retroactively. Now what would, and the employee had already gotten regular pay during that period, what would the employee in that situation do? If he or she wanted to have a reclassification if you will. What would the employee do? The employee would file with OWCP asking for that. That's called a CA-7. Ask for a reclassification? Yes, she would ask to have that time for which she was already paid reclassified as compensable leave if that's what she wanted to do. And she would ask that any leave, any annual leave or sick leave that she had taken during that period be repurchased because when the employee takes her own annual leave while she's been injured that leave is taken out of her account. And if OWCP agreed, what would it do? If OWCP agreed, and there's a step that's important here OWCP would ask the agency for its information regarding the employee's status during that period and any leave that they had taken. Based on that and based on what the employee had filed, OWCP would say yes, the rules were changed post 1995, so we're talking earlier than 1995. They would say to the agency, allow her to repurchase that leave since it's three quarters paid. The employee would pay the agency 25% of the salary she had used during that period and the agency would return to her leave accounts all of the leave that she had taken. That's covered. Do you want to save some rebuttal time? I do. In this instance, OWCP asked repeatedly for the FAA to provide them with that information and the FAA has never done it. And I find myself in the position of defending a finding by the board that OWCP has not issued the finding we seek when the basis for the failure of OWCP to make that finding is the agency's, the respondent's, failure to provide the information necessary. Thank you. We'll save the remainder of your time. Thank you. Ms. Stern for the government. May it please the court. Not only is Ms. Katz-Puchel seeking to have the FAA do something that's not required by the terms of the agreement, she's seeking to have the FAA do something that only the Department of Labor has the authority to do. Only the Department of Labor has the authority to make a determination that Ms. Katz-Puchel is entitled to OWCP benefits for any of the period of time covered by the time that she was removed, the time from which she received back pay. And no determination has been made on that period? No determination has been made. That's correct, Your Honor. And is that because they're holding back on documentation that's required to be completed? No, that is not the case, Your Honor, and I'm glad to have a chance to clear that up. The document in the joint appendix that Ms. Katz-Puchel included as evidence that the FAA has not provided the information that OWCP needs is found at joint appendix page 76, and that is a letter from OWCP to the FAA, indeed indicating that OWCP has received a CA-7 from Ms. Katz-Puchel for sick and annual leave for a period from 1975 to 1995, but they don't have a CA-7B, which would come from the agency. However, this claim that pertains to sick and annual leave is completely irrelevant and unrelated to the period of time during which Ms. Katz-Puchel was removed, the only period that's relevant to the settlement agreement. During the time she was removed, she was not using sick and annual leave. Employees that are removed are not using leave. So this claim that's included in the joint appendix, it covers a period that begins in 1975, before the period of her removal from 1981 to about 1984. It continues way after until 1995, but it specifically pertains to her request to cover days when she took sick and annual leave. She did not take sick and annual leave during the time that she was removed, because she was not on the agency's rolls. So the OWCP is not waiting for anything from the FAA for the period during which she was removed. The agency wouldn't have anything pertaining to that period of time. She wasn't on their books. Until OWCP makes a determination as to whether she is entitled to any coverage of benefits for the period of time during which she was removed, the FAA and the MSPB, as the Board recognizes in its decision, lacks authority to reclassify any of the time during which she was removed as OWCP time. That is within the purview of the Department of Labor. This Court said the last time Ms. Casse-Couchelle was before them on the appeal from the Court of Federal Claims, this Court specifically said only the Department of Labor has the authority to make that decision, and it's not clear to us that they have yet made that decision. And, in fact, they have not yet made that decision. Ms. Casse-Couchelle basically conceded that by arguing that the… I mean, frankly, I was surprised in my experience that they're reviewing in 2000 a claim for something that happened 20 years ago, but now they're still reviewing it in 2011. I mean, does this process normally take 10, 20, or 30 years? Well, I have to concede that I am not intimately familiar with the OWCP process, and I don't ever get involved in cases that directly challenge that. It looks to me, and I can only go by what's in the record here, that OWCP is waiting for something from Ms. Casse-Couchelle. It's her burden to establish to the agency, to OWCP, to Department of Labor, that she actually was out of work because of her compensable injury. But I think even if that were the case, hypothetically, at some point they'd say you haven't provided information, and therefore your claim is denied. Well, they did send her some letters. They did send her some previous letters saying they approved some benefits. They did approve some benefits. She was able to get… I know there was some time in 1985, she also got some second annual leave that she had taken. They did decide that some of that was covered by OWCP. Again, that would not have fallen within the time period that she was removed because she wasn't using second annual leave. So they did grant some of the benefits that she was seeking. Apparently she is seeking more because she's seeking some benefits during the time she was removed. But the record before the board, and the board said this, they said there's nothing in the record to show that OWCP has approved her claim for benefits for any of the time period that covered her removal. And neither the board or the FAA would have the authority to reclassify it absent that Department of Labor decision. And of course, as the court also appears to recognize, the settlement agreement itself certainly did not provide for any reclassification of back pay that was paid, and as Ms. Casker-Shell concedes, if indeed, hypothetically into the future, OWCP did approve some portion of her removal period to be covered by OWCP, she would actually owe the government money because she was paid back pay for that period at full back pay, and OWCP benefits are at best three-quarters of pay if they're a family and only two-thirds of salary if there's no family. So the board clearly... The OWCP from the back pay and owe the government the difference? Correct. She would owe the government paid 100% back pay. She would owe back a third or a quarter of what they paid. But the conditional precedent for any of that would be for the Department of Labor to make a decision finding her entitled to benefits for at least some period covered by the time that she was paid back pay, and the board properly found that there was no evidence in the record they had done that, given that there was no authority for the board or the FAA to reclassify it, even aside from the fact that the settlement agreement clearly did not provide or require the FAA to do that. And for those reasons, the board came to the correct decision. Thank you. Thank you, Ms. Stern. As you know, no one ever loses points by surrendering time. Mr. Choosey has a couple of minutes. Thank you, Your Honor. Just quickly. It's true that there's nothing in the record that says that OWCP approved Ms. Bushell's claim. But as the court pointed out, there's nothing in the record saying that they denied it. And the page 7... There has not been a ruling on it. There has not been a ruling on it. And there has not been a ruling on the leave buyback part. The question of whether the time during the removal is compensable, OWCP compensable time, we think falls under a different category altogether. You know, we cited a decision in our brief, a Third Circuit decision on the state of Schultz, in which the court addressed particularly whether or not the classification of OWCP benefits in the category of back pay is permissible by anybody other than the Department of Labor. That's another circuit, and it's non-precedential. I understand it's non-precedential, but it's the only decision. It's the only decision addressing the question that's here, which is not whether an employee can get a court to issue a ruling that she has been injured, that she is entitled to relief under OWCP, but rather if she has been paid, whether that pay can be classified as compensable leave. And the court, the Third Circuit, said that they could because the Back Pay Act allows for the classification of OWCP benefits as a component of back pay, as has OPM. And finally, I realize, with respect to whether the board has the power to do that, the board has the power to determine whether where an employee has been given back pay, whether she has been paid back pay consistently with the statute and regulations. And we say that, and that's Spetsofaro versus the FAA. They've said that since the air traffic control strikes. Here, where the employee is asking that the back pay that she's already received be categorized as OWCP relief, we believe that the board and the courts have the power to do that. Thank you, Mr. Choosey. We'll take the case under review. Thank you, Your Honor.